IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ISETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:22-cv-1057 |
| v. | ) |
| | ) Transferor Court: |
| EVONIK GOLDSCHMIDT | ) |
| CORPORATION and EVONIK | ) Tenth Judicial Circuit, Peoria County |
| CORPORATION, | ) Case No. 21-L-00263 |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Evonik Corporation ("Evonik"), by its attorneys, Tucker Ellis LLP, hereby removes this action from the Tenth Judicial Circuit for Peoria County, Illinois, based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support of this Notice of Removal states:

1.  Evonik is a defendant in a lawsuit filed by Plaintiff Michael Iseton ("Plaintiff") on December 23, 2021 in Peoria County, Illinois (10th Judicial Circuit), under the name and style of *Michael Iseton v. Evonik Goldschmidt Corporation and Evonik Corporation*, Case No. 21-L-00263. A true and correct copy of Plaintiff's Complaint is attached as Exhibit A.

2.  In 2014, Evonik Goldschmidt Corporation and Evonik Corporation completed a merger. (See Affidavit of Virginia Pettinelli, Exhibit B).[1] Therefore, as of January 1, 2014, Evonik Goldschmidt Corporation is no longer a separate legal entity and merged into Evonik Corporation. *Id*.

---

[1] This Court is not limited to merely examining the pleadings in evaluating whether the amount in controversy exceeds $75,000. *See, e.g.*, *City of Univ. City, Missouri v. AT & T Wireless Services, Inc.,* 229 F. Supp. 2d 927, 933 (E.D. Mo. 2002).

3. Defendant Evonik was served on January 28, 2022. The Complaint purports to state common law negligence.

4. Plaintiff alleges that he was injured at Evonik's facility at 8300 West Route 24, Mapleton, IL 61547. (Ex. A, *Complaint,* ¶ 6).

5. This Notice of Removal is timely filed within 30 days after being served with Plaintiff's Complaint on January 28, 2022. 28 U.S.C. § 1446(b)(1); *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

6. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant Evonik are attached hereto as Exhibit A.

7. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this civil action because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

## CITIZENSHIP OF THE PARTIES

8. Complete diversity exists in this action. Plaintiff is a citizen of Illinois. (*See Exhibit A, Complaint, ¶ 1*). Evonik is a corporation incorporated in Alabama, with its principal place of business in New Jersey.

9. For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Therefore, for purposes of removal based on diversity of citizenship, Evonik is not a citizen of the State of Illinois. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

10. Accordingly, this action involves "citizens of different states." 28 U.S.C. § 1332(a)(1). Removal is proper under 28 U.S.C. 1441(b)(2).

## AMOUNT IN CONTROVERSY

11. The removal statute provides that

> the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that … the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice … permits recovery of damages in excess of the amount demanded; and … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(A) [i.e., $75,000, exclusive of interest and costs].

28 U.S.C. § 1446(c)(2)(A)(ii).

12. To meet its burden with regard to the jurisdictional amount, the removing party in a case based upon diversity of citizenship must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Oshana v. Coca–Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006).

13. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount.").

14. While Evonik denies Plaintiff's allegations, it is nonetheless plain from the allegations and relief sought by Plaintiff that the amount in controversy exceeds the requisite threshold.

15. Plaintiff alleges that he sustained "severe and permanent injuries, both internally and externally, resulting in cancer in his right hand." Ex. A, ¶ 33. He further alleges "disability/loss of a normal life, disfigurement, a shortened life expectancy, past and future pain and suffering,

past and future emotional distress, medical expenses, past and future loss of earnings and profits, past and future caretaking expenses and other miscellaneous expenses." *Id.*, ¶ 34.

16. Plaintiff's claims show by a preponderance of the evidence that his actual damages exceed the jurisdictional minimum.

## CONCLUSION

17. Because both of the requirements for federal diversity jurisdiction are satisfied, this action is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

18. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of the Circuit Court of Peoria County.

WHEREFORE, notice is given that this action is removed from the Circuit Court of the County of Peoria (Tenth Judicial Circuit), to the United States District Court for the Central District of Illinois.

Respectfully submitted,

TUCKER ELLIS LLP

By: */s/ N. D. Kemp*
N. DREW KEMP #6315465 (IL)
100 South 4th Street, Suite 600
St. Louis, MO 63102
Phone: (314) 256-2550
Fax: (314) 256-2549
drew.kemp@tuckerellis.com

PATRICK M. BARKLEY #6302350
233 South Wacker Drive, Suite 6950
Chicago, IL 60606
Phone: (312) 624-6300
Fax: (312) 624-6309
patrick.barkley@tuckerellis.com

*Attorneys for Defendant*
*Evonik Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically on February 25, 2022 and that service of the same on all counsel of record will be made by the Court's CM/ECF system. Parties may access this filing through the Court's system. A copy was also served via regular U.S. mail to Plaintiff's counsel at:

>Andrew L. Mahoney, Esq.
>Edward J. Prill, Esq.
>CROWLEY & PRILL
>3012 Division Street
>Burlington, IA 52601
>amahoney@cbp-lawyers.com
>eprill@cbp-lawyers.com

>>/s/ N. D. Kemp
>>N. Drew Kemp #6315465 (IL)
>>*One of the Attorneys for Defendant Evonik Corporation*