EXHIBIT A

1:22-cv-01057-JES-JEH  # 1-1  Page 1 of 12  Friday, 25 February, 2022 09:54:30 AM  Clerk, U.S. District Court, ILCD

FILED
ROBERT M SPEARS
12/23/2021 11:26 AM
CLERK OF THE CIRCUIT COURT
PEORIA COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
## PEORIA COUNTY, ILLINOIS

| | |
|---|---|
| MICHAEL ISETON,<br>Plaintiff,<br><br>vs.<br><br>EVONIK GOLDSCHMIDT CORPORATION; and EVONIK CORPORATION,<br>Defendants. | Case No.: 21 L  21-L-00263<br><br>THIS CASE IS SET FOR A MANAGEMENT CONFERENCE ON 6/3/22 AT 9AM IN COURTROOM 213/214 OF THE PEORIA COUNTY COURTHOUSE.<br>IF THE DEFENDANT(S) ANSWERS(S) MORE THAN 35 DAYS BEFORE THIS DATE, THEN THE PARTIES SHALL SCHEDULE A CASE MANAGEMENT CONFERENCE WITHIN 25 DAYS OF THE DATE THE ANSWER'S PLED |

### COMPLAINT

**NOW COMES** the Plaintiff, MICHAEL ISETON, by and through his attorneys, CROWLEY & PRILL, and in support of the Factual Allegations Common to all Counts, hereby states as follows:

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. On and before December 29, 2019, the Plaintiff, MICHAEL ISETON, (hereinafter referred to as ISETON or PLAINTIFF) whose date of birth is December 27, 1983, was a resident of Peoria, Illinois.

2. On and before December 29, 2019, the Defendant EVONIK GOLDSCHMIDT CORPORATION (hereinafter referred to as GOLDSCHMIDT) is a Delaware corporation registered to do business in Illinois. GOLDSCHMIDT has a registered agent listed as Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

3. On and before December 29, 2019, the Defendant EVONIK CORPORATION (hereinafter referred to as EVONIK) is an Alabama corporation registered to do business in Illinois. EVONIK has a registered agent listed as Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

1

4. Upon information and belief, GOLDSCHMIDT is a company owned and operated by the German parent company Evonik Industries AG with a focus on production of chemicals for use in commercial and manufacturing settings, including ingredients used in fabric softener, car care products, shampoo, industrial chemical products and more.

5. Upon information and belief, EVONIK is a company owned and operated by the German parent company Evonik Industries AG with a focus on production of chemicals for use in rubber, coatings, adhesives, cosmetics, pharmaceuticals, animal feed additives and more.

6. On and before December 29, 2019, the Defendants GOLDSCHMIDT and EVONIK (hereinafter EVONIK DEFENDANTS) owned, operated and managed a chemical plant with a local address of 8300 West Route 24, Mapleton, IL 61547 (hereinafter the Evonik Plant). The Evonik Plant is located within Peoria County, Illinois.

7. On and before December 29, 2019, the EVONIK DEFENDANTS acted by and through its employees, agents and/or servants in operating and managing the Evonik Plant.

8. Prior to October 2019, the Evonik Plant produced chemicals and products used in producing fabric softeners, soaps, toothpaste, in addition to industrial chemicals used in construction, mining, oil drilling, lubricants and agriculture markets.

9. Prior to October 2019, during the production of chemicals at the Evonik Plant, the EVONIK DEFENDANTS would allow harmful chemicals to runoff and collect in a lagoon and would also dump harmful chemicals in said lagoon on the southwest side of the Evonik Plant. The lagoon is deep enough that a boat is needed to cross it.

10. Prior to October 2019, one of the products produced or otherwise used at the Evonik Plant was tallow.

11. On or about October 2019, an employee of the EVONIK DEFENDANTS that was working at the Evonik Plant attempted to pump tallow into a tank near the lagoon. However, the

tank had a hole in it and the employee continuously pumped a large amount of tallow into the tank causing the tallow to spill out of the tank and the tallow traveled down and gathered in the lagoon, mixing with the other miscellaneous chemicals.

12. Following the tallow spill, the EVONIK DEFENDANTS hired Eagle Services Corp. to clean up the tallow in the lagoon at the Evonik Plant.

13. At all times material to this case, ISETON was an employee of Eagle Services Corp. Eagle Services Corp. is a company based out of Valparaiso, Indiana and has several locations in Illinois. Eagle Services Corp. provides industrial cleaning, environmental cleaning and industrial maintenance services to customers.

14. As part of retaining Eagle Services Corp., the EVONIK DEFENDANTS agreed to provide Eagle Services Corp. with information and literature pertaining to the hazards associated with cleaning the tallow and the lagoon and dangers Eagle Services Corp. employees might be exposed to and precautions and/or safety measures that should be observed.

15. At all times material to this case, Eagle Services Corp. was contracted by the EVONIK DEFENDANTS to clean up the tallow spill at the lagoon full of chemicals. During this process, the EVONIK DEFENDANTS would provide direction, safety equipment, cleaning equipment and otherwise directed Eagle Services Corp. employees in how to clean up the tallow spill in the lagoon.

16. Eagle Services Corp. and its employees relied on the EVONIK DEFENDANTS to direct them and supervise them in cleaning up the tallow spill in the lagoon.

17. From approximately October 2019 through December 29, 2019, ISETON, along with other Eagle Services Corp. employees, worked on removing the tallow from the lagoon. ISETON and other Eagle Services Corp. employees would get in a boat and use shovels and other tools to cut chunks in solidified tallow and remove those chunks in addition to using hoses to pump

3

liquified tallow from the lagoon of chemicals. Once removed in chunks or by hose, the tallow was transported by trucks to be disposed of elsewhere.

18. ISETON and other Eagle Services Corp. employees were only given and only used cloth gloves and disposable coveralls. In cleaning the tallow from the lagoon of chemicals, ISETON was consistently exposed to tallow and chemicals that soaked through his gloves and suit. ISETON was exposed to the tallow and the chemicals in the lagoon from approximately October 2019 through December 29, 2019.

19. At all times material herein, the EVONIK DEFENDANTS had employees or representatives supervise and direct ISETON and other Eagle Services Corp. employees as they were exposed to the tallow and chemicals.

20. At all times material herein, the EVONIK DEFENDANTS did not provide ISETON with proper protective equipment to clean up the tallow mixed with unknown chemicals. The EVONIK DEFENDANTS did not provide proper breathing apparatuses, protective face coverings, protective gloves or other protective equipment necessary to prevent exposure to the chemical spill.

21. At all times material herein, the EVONIK DEFENDANTS represented that ISETON and other Eagle Services Corp. employees would not be harmed by exposure to the tallow spill and chemicals in the lagoon.

22. At all times material herein, the EVONIK DEFENDANTS knew the contents of the tallow and chemicals gathered in the lagoon and that the effects said tallow and chemicals would be harmful to people if exposed.

23. ISETON's final day of working in the tallow spill in the lagoon was December 29, 2019.

24. Shortly after ceasing work cleaning the tallow in the chemical spill, ISETON developed spindle cell sarcoma, a type of cancer, in his right hand.

25. The cancer ISETON was diagnosed with was caused by exposure to the tallow and chemicals in cleaning tallow spill in the lagoon.

### COUNT I – NEGLIGENCE OF EVONIK CORPORATION

**NOW COMES** the Plaintiff, MICHAEL ISETON, by and through his attorneys CROWLEY & PRILL and in support of his complaint against the Defendant EVONIK CORPORATION hereby states as follows:

1-25. The Plaintiff hereby repeats and incorporates by reference paragraphs 1 through 25 of the <u>Factual Allegations Common to All Counts</u> and sets forth paragraphs 1 through 25 with full force and effect as if pleaded fully herein.

26. At all times material hereto, ISETON was lawfully on the premises of the Evonik Plant owned and operated by the EVONIK CORPORATION.

27. At all times material hereto, the EVONIK CORPORATION owed a duty to exercise ordinary care in maintaining its premises at the Evonik Plant and to manage, transport and otherwise safely handle tallow, chemicals and other products used and manufactured at the Evonik Plant with respect to the safety of its employees and lawful guests.

28. At all times material hereto, the EVONIK CORPORATION owed a duty of care to ISETON and other employees of Eagle Services Corp., who were directed to clean up the tallow spill in the lagoon.

29. Pursuant to the contract with Eagle Services Corp., the EVONIK CORPORATION had a duty to exercise ordinary care in notifying Eagle Services Corp. of potential harms Eagle Services Corp. employees would be exposed to at the Evonik Plant.

30. That notwithstanding the foregoing duty, the EVONIK CORPORATION, by and through its employees, agents and/or servants did then and there commit one or more of the following careless and negligent acts and/or omissions:

   a. Permitting hazardous or harmful chemicals to gather in the lagoon in the Evonik Plant;

   b. Failed to properly manage or handle the transport of tallow, permitting it to be pumped and to spill into the lagoon in the Evonik Plant;

   c. Failed to properly hire, train, supervise and otherwise manage employees in pumping, transporting and otherwise handling harmful chemicals such that the harmful chemicals were dumped into, drained into and otherwise gathered in the lagoon;

   d. Failed to properly hire, train, supervise and otherwise manage employees in pumping, transporting and otherwise handling tallow such that the tallow spilled into the lagoon;

   e. Failed to properly hire, train, supervise and otherwise manage employees such that they knew or should have known that the tank the tallow was being transported to had a hole in it and would spill outside of the tank into the lagoon;

   f. Despite knowing or should have known of the contents of the tallow and chemicals gathered in the lagoon, directed ISETON and employees of Eagle Services Corp. to clean up the tallow spill in the lagoon;

   g. Despite knowing or should have known of the contents of the tallow and chemicals gathered in the lagoon, exposed ISETON and employees of Eagle Services Corp to the tallow and chemicals gathered in the lagoon;

h. Despite knowing or should have known of the contents of the tallow and chemicals gathered in the lagoon, failed to warn ISETON and employees of Eagle Services Corp of the dangers of exposure to the tallow and chemicals gathered in the lagoon;

i. Despite knowing or should have known of the contents of the tallow and chemicals gathered in the lagoon, failed to provide to ISETON and employees of Eagle Services Corp proper protective equipment including proper breathing apparatuses, proper protective gloves, proper protective footwear, proper protective suits, proper protective head coverings, proper tools and more;

j. In failing to stop ISETON and employees of Eagle Services Corp. from working in the lagoon when the employees of the EVONIK CORPORATION supervised the cleanup of the tallow spill in the chemical lagoon, despite knowing or should have known of the dangers of exposure to the tallow and the chemical lagoon;

k. Exposed ISETON and others to the dangerous conditions caused by the tallow spill and chemicals in the lagoon; and

l. In failing to otherwise exercise the degree of due care required under the circumstances.

31. That as a result of one or more of the aforesaid negligent acts and/or omissions of set forth above, the EVONIK CORPORATION created an unreasonable risk of harm to ISETON and other persons lawfully on their premises and working to clean the tallow in the lagoon of chemicals.

32. The EVONIK CORPORATION could reasonably expect that ISETON and Eagle Services Corp. employees would not discover or realize the danger of working to clean up the tallow in the chemical lagoon because it was reasonable for them to assume that the EVONIK CORPORATION would provide warnings, adequate supervision or protective equipment due to the EVONIK CORPORATION's superior knowledge of the hazards.

33. That as a direct and proximate result one or more of the aforesaid negligent acts and/or omissions of the EVONIK CORPORATION, ISETON did then and there sustain severe and permanent injuries, both internally and externally, resulting in cancer in his right hand.

34. That as a direct and proximate result one or more of the aforesaid negligent acts and/or omissions of the EVONIK CORPORATION, ISETON did suffer and sustain disability/loss of a normal life, disfigurement, a shortened life expectancy, past and future pain and suffering, past and future emotional distress, medical expenses, past and future loss of earnings and profits, past and future caretaking expenses and other miscellaneous expenses.

WHEREFORE the Plaintiff, MICHAEL ISETON, hereby prays for judgment in his favor and against the Defendant, EVONIK CORPORATION, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs in this suit herein.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL ISSUES**

**COUNT II – NEGLIGENCE OF EVONIK GOLDSCHMIDT CORPORATION**

**NOW COMES** the Plaintiff, MICHAEL ISETON, by and through his attorneys CROWLEY & PRILL and in support of his complaint against the Defendant EVONIK GOLDSCHMIDT CORPORATION hereby states as follows:

1-25. That the Plaintiff hereby repeats and incorporates by reference paragraphs 1 through 25 of the <u>Factual Allegations Common to All Counts</u> and sets forth paragraphs 1 through 25 with full force and effect as if pleaded fully herein.

26. At all times material hereto, ISETON was lawfully on the premises of the Evonik Plant owned and operated by the EVONIK GOLDSCHMIDT CORPORATION.

27. At all times material hereto, the EVONIK GOLDSCHMIDT CORPORATION owed a duty to exercise ordinary care in maintaining its premises at the Evonik Plant and to manage, transport and otherwise safely handle tallow, chemicals and other products used and manufactured at the Evonik Plant with respect to the safety of its employees and lawful guests.

28. At all times material hereto, the EVONIK GOLDSCHMIDT CORPORATION owed a duty of care to ISETON and other employees of Eagle Services Corp., who were directed to clean up the tallow spill in the lagoon.

29. Pursuant to the contract with Eagle Services Corp., the EVONIK GOLDSCHMIDT CORPORATION had a duty to exercise ordinary care in notifying Eagle Services Corp. of potential harms Eagle Services Corp. employees would be exposed to at the Evonik Plant.

30. That notwithstanding the foregoing duty, the EVONIK GOLDSCHMIDT CORPORATION, by and through its employees, agents, and/or servants did then and there commit one or more of the following careless and negligent acts and/or omissions:

    a. In permitting hazardous or harmful chemicals to gather in the lagoon in the Evonik Plant;

    b. Failed to properly manage or handle the transport of tallow, permitting it to be pumped and to spill into the lagoon in the Evonik Plant;

    c. Failed to properly hire, train, supervise and otherwise manage employees in pumping, transporting and otherwise handling harmful chemicals such that

the harmful chemicals were dumped into, drained into and otherwise gathered in the lagoon;

d. Failed to properly hire, train, supervise and otherwise manage employees in pumping, transporting and otherwise handling tallow such that the tallow spilled into the lagoon;

e. Failed to properly hire, train, supervise and otherwise manage employees such that they knew or should have known that the tank the tallow was being transported to had a hole in it and would spill outside of the tank into the lagoon;

f. Despite knowing or should have known of the contents of the tallow and chemicals gathered in the lagoon, directed ISETON and employees of Eagle Services Corp. to clean up the tallow spill in the lagoon;

g. Despite knowing or should have known of the contents of the tallow and chemicals gathered in the lagoon, exposed ISETON and employees of Eagle Services Corp to the tallow and chemicals gathered in the lagoon;

h. Despite knowing or should have known of the contents of the tallow and chemicals gathered in the lagoon, failed to warn ISETON and employees of Eagle Services Corp of the dangers of exposure to the tallow and chemicals gathered in the lagoon;

i. Despite knowing or should have known of the contents of the tallow and chemicals gathered in the lagoon, failed to provide to ISETON and employees of Eagle Services Corp proper protective equipment including proper breathing apparatuses, proper protective gloves, proper protective

footwear, proper protective suits, proper protective head coverings, proper tools and more;

j. In failing to stop ISETON and employees of Eagle Services Corp. from working in the lagoon when the employees of the EVONIK GOLDSCHMIDT CORPORATION supervised the cleanup of the tallow spill in the chemical lagoon, despite knowing or should have known of the dangers of exposure to the tallow and the chemical lagoon;

k. Exposed ISETON and others to the dangerous conditions caused by the tallow spill and chemicals in the lagoon; and

l. In failing to otherwise exercise the degree of due care required under the circumstances.

31. That as a result of one or more of the aforesaid negligent acts and/or omissions of set forth above, the EVONIK GOLDSCHMIDT CORPORATION created an unreasonable risk of harm to ISETON and other persons lawfully on their premises and working to clean the tallow in the lagoon of chemicals.

32. The EVONIK GOLDSCHMIDT CORPORATION could reasonably expect that ISETON and Eagle Services Corp. employees would not discover or realize the danger of working to clean up the tallow in the chemical lagoon because it was reasonable for them to assume that the EVONIK GOLDSCHMIDT CORPORATION would provide warnings, adequate supervision or protective equipment due to the EVONIK GOLDSCHMIDT CORPORATION's superior knowledge of the hazards.

33. That as a direct and proximate result one or more of the aforesaid negligent acts and/or omissions of the EVONIK GOLDSCHMIDT CORPORATION, ISETON did then and

11

there sustain severe and permanent injuries, both internally and externally, resulting in cancer in his right hand.

34.     That as a direct and proximate result one or more of the aforesaid negligent acts and/or omissions of the EVONIK GOLDSCHMIDT CORPORATION, ISETON did suffer and sustain disability/loss of a normal life, disfigurement, a shortened life expectancy, past and future pain and suffering, past and future emotional distress, medical expenses, past and future loss of earnings and profits, past and future caretaking expenses and other miscellaneous expenses.

WHEREFORE the Plaintiff, MICHAEL ISETON, hereby prays for judgment in his favor and against the Defendant, EVONIK GOLDSCHMIDT CORPORATION, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs in this suit herein.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL ISSUES**

Respectfully submitted,

_/s/_

Andrew L. Mahoney    ARDC#6334171
Edward J. Prill         ARDC#6271392
CROWLEY & PRILL
3012 Division Street
Burlington, Iowa 52601
Phone:   319.753.1330
Fax:     319.752.3934
Email:   amahoney@cbp-lawyers.com
         eprill@cbp-lawyers.com

**ATTORNEYS FOR PLAINTIFF**